IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV59-1-MU

JOSEPH McCREA,            )
                          )
        Plaintiff,        )
                          )
        v.                )     O R D E R
                          )
EDDINS, et al.,           )
                          )
        Defendants.       )
_____)

**THIS MATTER** comes before the Court upon Defendant Eddins' Motion to Dismiss and supporting memorandum (Doc. Nos. 10 and 11), filed June 19, 2009.

On February 11, 2009, Plaintiff filed the instant Complaint pursuant to 42 U.S.C. 1983 against Defendants Eddins and Prevatt, both correctional officers, alleging that they had subjected him to excessive force in violation of his constitutional rights. More specifically, Plaintiff alleges that on August 10, 2008, Plaintiff and Defendant Prevatt argued through Plaintiff's cell door and as a result Defendant Prevatt radioed the control booth and had Plaintiff's cell door opened. Defendant Prevatt then entered Plaintiff's cell with his baton drawn and ordered Plaintiff to lie on the ground. Plaintiff refused. Defendant Prevatt immediately began beating Plaintiff in the head with the baton. Defendnat Eddins then entered the cell and began punching Plaintiff in the head and body. Plaintiff alleges that he never threatened the Defendants and that no weapon was found. As a result of the beating, Plaintiff suffered an orbital fracture to his right eye, orbital trauma, and a subconjunctival

hemorrhage in his right eye. Defendant Eddins has filed a Motion to Dismiss pursuant to Rule 12(c). (Doc. No. 10.)

In ruling on a motion for judgment on the pleadings, a court applies the same standard as for a Rule 12(b)(6) motion. See Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). To survive a motion to dismiss a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). A court must accept factual allegations in the complaint as true and consider the facts in the light most favorable to the plaintiff in ruling on a motion to dismiss, but a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. V. J.D. Assoc.'s, LLP., 213 F.3d 175, 180 (4th Cir. 2000). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). "The plausibility standard requires a plaintiff to demonstrate more than sheer possibility that a defendant has acted unlawfully." Id. "It requires the plaintiff to articulate facts, when accepted as true, that show that the plaintiff has stated a claim entitling him to relief . . . ." Id.

Using the above-referenced standard, the Court finds that Plaintiff has stated a plausible claim for relief. See Gaddy v. Wilkins, 130 S. Ct. 1175 (2010). As such, Defendant Eddins' Motion to Dismiss is denied.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant Eddins' Motion to Dismiss (Doc. No. 10) is **DENIED**; and

2. If either party wishes to file a dispositive motion, such must be filed with the Court within sixty days of the filing of this Order.

Signed: June 7, 2010

Graham C. Mullen
United States District Judge